PER CURIAM.
We deny this petition for writ of mandamus because it is moot. We write to give some guidance to counsel as to the nature of the response this court anticipates from the respondent when a response is or *471 dered. We also address the Wife’s motion for appellate attorney’s fees.
The Huebners are involved in a dissolution proceeding in the circuit court. Although the Husband has counsel in the circuit court, he filed this petition for writ of mandamus without the assistance of counsel. The petition alleges that the final hearing was concluded on May 18, 2011, and that the judge had not issued a final order of dissolution as of February 2012. The Husband asked that we issue a writ to compel the circuit court to rule.
Because the parties had been waiting for a ruling for approximately nine months, this court issued an order on February 16, 2012, asking the Wife to respond within fifteen days.[1] This court also served the order on the circuit court judge who was named in the petition. See Fla. R.App. P. 9.100(e)(2). Often such an order results in a brief response from the respondent, attaching a copy of an order issued by the named judge a few days after our order requiring a response. Other times, we receive a brief response admitting that the circuit court has not ruled and either joining in the petition for writ of mandamus or suggesting that we give the circuit court a time-specific period in which to rule.[2]
In this ease, the circuit court did not rule during the fifteen-day window. Instead of a brief response, on March 2, the Wife’s attorney filed an eighteen-page brief with a long description of the proceedings below and a full discussion of the law of mandamus, arguing that a writ should not issue. The attorney also filed a motion for attorney’s fees pursuant to section 61.16, Florida Statutes (2007). This was followed on March 20 by the Wife’s motion to dismiss the petition as moot because the circuit court had issued the order. The order resolving the matter was attached to the motion. Because the circuit court has ruled, this petition is moot. We deny it on that ground.
Concerning the Wife’s motion for attorney’s fees, we conclude that section 61.16(1) does provide a basis for this court to award a fee in an appropriate case. The issues in a typical mandamus proceeding are very simple: (1) whether the case has been under advisement in the trial court for as long as the petitioner represents, (2) whether the court has ruled and, if not, (3) whether there is some explanation for the unusual delay. These proceedings are unlike appeals in which attorneys fulfill an adversarial role. All parties have a reasonable expectation of receiving a timely ruling from a court. In a mandamus proceeding, the respondent’s attorney is serving largely as an officer of the court to help this court determine the best way to resolve any logjam that may exist in the lower tribunal.
In this case, the response opposing the issuance of a writ and discussing the law in detail was well beyond the needed response. We are hesitant to make the Husband pay attorney’s fees for pleadings opposing his petition when his pro se petition was well-founded and actually benefit-ted both parties to the extent that it *472 prompted the trial court to rule. Accordingly, we deny the motion for fees.
Petition for writ of mandamus is denied.
NORTHCUTT and DAVIS, JJ., Concur.
ALTENBERND, J., Concurs with opinion.

. In civil cases, this court does not have a set minimum period of delay between the hearing and the order that we use to decide whether to require a response. Generally, a delay of less than ninety days is unlikely to be regarded as facially sufficient to require a response. Likewise, a delay in excess of 180 days is more likely to result in an order requiring a response.

. This court normally does not order the named judge to file a response, and the judge is not required to respond in the absence of an order. The rule permits such a response, but it is rarely necessary. See Fla. R.App. P. 9.100(e)(3).